Opinion filed December 2,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00071-CV 

                                                    __________

 

              In the Interest of M.F.T. and S.A.T., CHILDREN



 

                                   On
Appeal from the 29th District Court

 

                                                         Palo
Pinto County, Texas

 

                                                    Trial
Court Cause No. C42895

 



 

M
E M O R A N D U M   O P I N I O N

            This
is an accelerated appeal of a trial court’s order terminating parental rights. 
We affirm.  

I.  Background
Facts

            Tawyna
Lynn Tate is the mother of M.F.T. and S.A.T. On April 21, 2008, the Department
of Family and Protective Services received a report alleging that Tate had
physically abused M.F.T., then age fourteen, by pushing her into a wall.  M.F.T.
had been removed from Tate and placed into foster care twice before, and S.A.T.
had been removed once before.  While the April report was under investigation,
Tate slapped eight-year-old S.A.T. in the face.  Tate was arrested.  The
Department filed an Original Petition for Protection of a Child, for
Conservatorship, and for Termination in Suit Affecting the Parent-Child
Relationship.  

            The
Department initially refused to offer Tate any services because she had
completed them at least twice prior to the present case.  The trial court,
however, ordered the Department to provide Tate with services.  The Department
drew up a family service plan that required Tate to submit to a psychological
evaluation, to complete counseling, to complete parenting classes, to seek and
maintain suitable housing, to seek and maintain a job, and to complete a drug
and alcohol assessment and follow through with any recommendations.

            The
Department’s allegations were tried to a jury.  Department caseworker Donna
Massey testified that Tate failed to have a psychiatric evaluation, did not
follow through on recommendations based on her drug and alcohol assessment, and
did not start parenting classes until shortly before trial.  When the
Department began providing services, Massey gave Tate resources in Fort Worth. 
Tate complained that she did not have gas money to travel to Fort Worth, so
Massey offered to drive her.  This did not work, so Massey arranged to have
services offered at Tate’s home.  Tate only completed the drug and alcohol
assessment. 

            Massey
testified that S.A.T. was suffering from insomnia.  S.A.T. had fears about
taking showers, going to the bathroom, open doors, and being left alone.  In
Massey’s experience, these were often signs of severe emotional or possibly
even sexual abuse.  Massey further testified that she did not think that Tate’s
current housing was stable, as she was living with her boyfriend, a married man,
who had kicked her out once in the past few months and who could tell her to
leave at any time.  She also said that Tate had not maintained steady employment. 
Tate was employed at the time of trial, but she found this job shortly before
trial.  Finally, Massey testified that Tate had called her recently and had
admitted to taking drugs a few times in the preceding months.

            At
trial, Tate admitted to using methamphetamines twice in the previous three or
four months.  She also admitted that she had not completed the services that
the Department required of her.  Tate stated that she began her current job two
and one-half weeks before trial and that, previously, she had been supported financially
by her boyfriend.

            M.F.T.
testified and recounted that, when she lived with Tate, they often did not have
a place to live or utilities.  She did not think that her mother made good
choices with men.  M.F.T. testified that she had seen her mother take drugs
once.  M.F.T. also remembered that, when she was very young, her mother had set
fire to the mobile home in which M.F.T. was sleeping.  M.F.T. did not want to
return to Tate.




 

II. 
Issue

            Tate
argues that the evidence was legally and factually insufficient to warrant
termination of her parental rights.

III. 
Standard of Review

            The
natural right existing between a parent and a child is of “constitutional
dimensions.”  Wiley v. Spratlan, 543 S.W.2d 349, 352 (Tex. 1976).  There
is a strong presumption that it is in the child’s best interest to remain with
the natural parent.  In re R.R., 209 S.W.3d 112, 116 (Tex. 2006).  
Grounds for termination must be established by clear and convincing evidence. 
This requires a degree of proof that will produce in the mind of the trier of
fact a firm belief or conviction as to the truth of the allegations sought to
be established.  Tex. Fam. Code Ann.
§ 101.007 (Vernon 2008).

            In a
legal sufficiency review, we look at all the evidence in the light most
favorable to the finding to determine whether a reasonable trier of fact could
have formed a firm belief or conviction that its finding was true.  In re J.F.C.,
96 S.W.3d 256, 266 (Tex. 2002).  In doing so, we must assume that the
factfinder resolved disputed facts in favor of its finding if a reasonable
factfinder could do so, and we disregard all evidence that a reasonable
factfinder could have disbelieved or found to have been incredible.  Id.


            In a
factual sufficiency review, we must give due consideration to evidence that the
trier of fact could reasonably have found to be clear and convincing.  Id. 
We must determine whether the evidence is such that the factfinder could
reasonably have formed a firm belief or conviction regarding the allegations.  Id. 
We must also consider whether the disputed evidence is such that a reasonable
factfinder could not have resolved that disputed evidence in favor of its
finding.  Id.    To determine if the evidence is factually sufficient,
we give due deference to the trial court’s findings and determine whether, on
the entire record, the trial court could reasonably form a firm conviction or
belief that the parent committed an act that would support termination and that
termination of the parent’s parental rights would be in the child’s best
interest.  In re C.H., 89 S.W.3d 17, 28 (Tex. 2002). 

IV. 
Discussion

            To
terminate parental rights, the Department must prove that one of the grounds
enumerated in Tex. Fam. Code Ann.
§ 161.001(1) (Vernon Supp. 2010) exists and that termination is in the child’s
best interest.  In re A.V., 113 S.W.3d 355, 362 (Tex. 2003).  The
Department alleged four statutory grounds for termination of parental rights:

·        
that Tate knowingly placed or allowed the children to remain in
conditions or  surroundings which endangered their physical or emotional
well-being,  Section 161.001(1)(D);

 

·        
that Tate engaged in conduct or knowingly placed the children
with persons who engaged in conduct which endangered their physical or emotional
well-being, Section 161.001(1)(E);

 

·        
that Tate failed to comply with the provisions of a court order
that specifically established the actions necessary for her to obtain the return
of the children, Section 161.001(1)(O); and

 

·        
that Tate used a controlled substance in a manner that endangered
the health and safety of the children and either failed to complete a
court-ordered substance abuse treatment program or, after completing such a
program, continued to abuse a controlled substance, Section 161.001(1)(P).

 

The trial court
combined all four statutory grounds and a best-interest determination into a
single, broad-form question.  The jury found that Tate’s parental rights should
be terminated.

            Termination
of parental rights appeals are governed by
Tex. Fam. Code Ann. § 263.405 (Vernon 2008).  This statute requires that
a statement of points on which a party intends to appeal be filed with the
trial court not later than the fifteenth day after the trial court signs the
final order.  Section 263.405(b).  The statement of points may be combined with
a motion for new trial.  Section 263.405(b-1).  This statement limits the scope
of the appeal. Section 263.405(i) provides that “[t]he appellate court may
not consider any issue that was not specifically presented to the trial court
in a timely filed statement of the points on which the party intends to appeal
or in a statement combined with a motion for new trial.”  

            Tate
filed a statement of points on appeal combined with her motion for new trial.  Her
statement of points on appeal, however, only challenged the legal and factual
sufficiency of the evidence regarding the allegation that she used a controlled
substance in a manner that endangered M.F.T. and S.A.T.   Tate did not
challenge the sufficiency of the evidence regarding the grounds for termination
under subsections (D), (E), and (O) or the sufficiency of the evidence
regarding the best-interest finding.  Nor did Tate challenge the sufficiency of
the evidence to support these findings in her brief.  Tate blames the
children’s problems on their father and makes conclusory statements about the
proof of intentional conduct on her part, but she does not address the
sufficiency of the evidence for each of the four alleged grounds of
termination.

            A jury’s
findings must be challenged on appeal or they are binding on the appellate
court.  IKB Indus. v. Pro-Line Corp., 938 S.W.2d 440, 445 (Tex. 1997).  Because
the jury’s finding on three of the four grounds of termination and its best-interest
finding are unchallenged and, therefore, binding and because only one statutory
ground and a best-interest determination is required to support a termination
order, the evidence is sufficient to support the termination of Tate’s parental
rights.  See In re A.V., 113 S.W.3d at 362.  Tate’s issue is
overruled.

V.  Conclusion

The order
of the trial court is affirmed.   

                                                                              

            

                                                                                    RICK STRANGE

                                                                                    JUSTICE

 

December 2, 2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.